UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ELFRED WITTE, JR., §<br>    *Plaintiff,* §<br>§<br>v. §<br>§<br>CAROLYN W. COLVIN, §<br>ACTING COMMISSIONER OF §<br>SOCIAL SECURITY, §<br>    *Defendant.* § | Civil Action H-14-2429 |

**SUMMARY JUDGMENT OPINION AND ORDER**

Elfred Witte, Jr. filed this case under the Social Security Act, 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the Commissioner's final decision denying his request for social security benefits. Witte and the Commissioner moved for summary judgment (Dkts. 11, 13). Witte's motion is granted, the Commissioner's motion is denied, and this case will be remanded to the Commissioner for further consideration.

**Background**

Witte filed for benefits under Title II of the Act on February 12, 2012, alleging disability as of July 21, 2011. His application was denied at the initial and reconsideration levels, and at his request a hearing was held before an ALJ on September 30, 2013. The ALJ issued an unfavorable decision on October 24, 2103. The Appeals Council denied review and the ALJ's decision became the final decision of the Commissioner.

**Analysis**

    A.    **Legal Standards**

Section 405(g) of the Act governs the standard of review in disability cases. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). The Commissioner's decision to deny Social Security benefits is reviewed by the federal courts to determine whether (1) the Commissioner applied the proper legal standard; and (2) the Commissioner's decision is supported by substantial evidence. "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), and is "more than a mere scintilla and less than a preponderance." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). The court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson*, 309 F.3d at 272. The courts strive for judicial review that is deferential but not so obsequious as to be meaningless. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)).

**B.    The ALJ's Decision**

The ALJ followed the usual 5-step sequential analysis in reaching his decision.[1]

---

[1] (1) Is the claimant currently engaged in substantial gainful activity, *i.e.*, working? If the answer is no, (2) Does the claimant have a severe impairment? If so, (3) Does the severe impairment equal one of the listings in the regulation known as Appendix 1? If no, (4) Can the claimant still perform her past relevant work? If no, (5) Considering the claimant's residual functional capacity (RFC), age, education and work experience, is there other work she can do? If so, the claimant is not disabled. 20 C.F.R. §§ 404.1520, 416.920; *Waters*, 276 F.3d at 718.

The ALJ found that Witte has the severe impairments of diabetes mellitus, hypertension, pancreatitis, gastroparesis, obesity, and anxiety (Dkt. 5-3 at 17). The ALJ further found that Witte

> has the residual functional capacity to perform the exertional demands of a wide range of light work, or work which is generally performed while standing/walking frequently (more or less six hours in an eight hour workday) and requires maximum lifting of twenty pounds occasionally, ten pounds frequently as defined by 20 C.F.R. § 404.1567(b). The claimant's residual functional capacity to perform the exertional demands of the full range of light work is reduced by the following limitations: never climbing ropes, ladders or scaffolds; no work at unprotected height or around dangerous machinery; limited to understanding, remembering, and carrying out detailed but not complex instructions; and limited to occasional contact with supervisors and coworkers.

Dkt. 5-3 at 19. A vocational expert testified in response to a hypothetical question from the ALJ incorporating the above limitations, that Witte could perform his past work as a switching operator. Thus, the ALJ concluded that Witte is not disabled under the Act.

Witte argues that the ALJ failed to (1) properly weigh the medical evidence, (2) properly evaluate Witte's credibility, and (3) ask the vocational expert a complete hypothetical question. The first point is dispositive.

*Medical evidence.* Witte contends that the ALJ committed reversible error by not relying on, or even mentioning, the medical opinion of his treating physician, internist Dr. Damon Weddington. In response to a request from plaintiff's counsel, Dr. Weddington completed a diabetes mellitus "impairment questionnaire" in which he indicated that Witte suffered irreversible diabetic peripheral neuropathy that limited him to standing/walking for

3

0-1 hours in an eight-hour day. Dkt. 5-11. The vocational expert testified that someone with the limitation of standing or walking for less than an hour in an eight-hour day could not perform Witte's past relevant work. Dkt. 5-3 at 44.

The Commissioner first argues that the ALJ was not obligated to give any consideration to Dr. Weddington's opinion because it was contained in a check-box form. However, the ALJ did not make that assessment. "The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council," thus post hoc rationalizations in support of the decision are irrelevant. *See Newton v. Apfel,* 209 F.3d at 455.

Despite a fairly detailed discussion of other medical evidence, Dkt. 5-3 at 21-23, the ALJ never mentioned treatment records from Dr. Weddington at DiabetesAmerica covering the period September 2011 through June 2013. The Commissioner argues that the ALJ is not required to explicitly discuss all the evidence in the record. *Falco v. Shalala*, 27 F.3d 160 (5th Cir. 1994). However, an ALJ should give controlling weight to the opinion of a treating physician unless there is good cause to discount it. Good cause may exist if the opinion is contrary to other experts and is not supported by the evidence. *Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000).

Here, the ALJ gave "great weight" to evidence from other experts, namely Witte's other treating physician, family practitioner Dr. Frederick Hill, and an agency consultant who opined that Witte could perform a wide range of light work. Dr. Hill treated Witte during the

same period of time as Dr. Weddington. The ALJ focused on Hill's clinical notes indicating that Witte "generally appeared to be pleasant, well nourished, well-developed, in no acute distress, with clear lungs, normal heart, normal extremities, negative focal deficits neurologically, and having a normal appearance, behavior, insight, mood/affect, and thought processes." Dkt. 5-3 at 22 (citing exhibits 10F and 11F (Dkt. 5-10)). The ALJ did not explain why Dr. Hill's observations contradict Dr. Weddington's opinion on Witte's limited ability to stand or walk, nor did the ALJ find that Dr. Weddington's opinion is not supported by medical evidence. In fact, Dr. Hill did not give an opinion on Witte's functional limitations. The ALJ erred in ignoring Weddington's medical opinion without explanation. *See Loza v. Apfel*, 219 F.3d 378, 395 (5th Cir. 2000).

Because this case must be remanded for proper consideration of all medical evidence, the court will not determine here whether the ALJ erred in his credibility analysis or his hypothetical question to the vocational expert; those findings must also be revisited on remand in light of the ALJ's consideration of the entire medical record.

### C.    Conclusion and Order

Witte has met his burden to show that the ALJ applied an improper legal standard by ignoring without explanation the opinion of Witte's treating physician. Witte's motion is granted, and the Commissioner's motion is denied. The court will issue a separate final judgment remanding this case to the Commissioner for further proceedings consistent with this opinion.

Signed at Houston, Texas on July 29, 2015.

Stephen Wm Smith
United States Magistrate Judge